NO. 07-02-0109-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 11, 2003



______________________________




LLOYD ORVILLE ROBERTSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,095-E; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 On February 19, 2002, a Potter County jury convicted appellant Lloyd Orville
Robertson of aggravated assault against a public servant. The following day, the jury
assessed as punishment a sentence of confinement for a period of 99 years. In his sole
point of error, appellant complains he was deprived of his constitutionally-guaranteed right
to counsel when the trial court denied his request during voir dire to view records in the
State's possession regarding a prospective juror's prior theft conviction. Based upon the
rationale expressed below, we will affirm.

 Because appellant does not challenge the sufficiency of the evidence to support his
conviction, a recitation of the facts is not necessary to our disposition of this case. At the
conclusion of voir dire, the State challenged for cause a number of prospective jurors,
including venireman Sims, who the State claimed had a prior theft conviction. Appellant
objected to the trial court excusing venireman Sims until the court determined whether the
conviction was, in fact, valid. The trial court then called venireman Sims to the bench, and
engaged, in pertinent part, in the following discussion:

 The Court: Mr. Sims, I have some information - first of all, let me ask you
this: May I have your date of birth?

 

 Mr. Sims: 7-12-47


 The Court: I've got some information going back to 1965 that may indicate that
you had a theft charge in which you had $100.00 fine on. Do you
have any recollection of that?


 Mr. Sims: Oh yes, very definitely. I was underage, and I picked up a friend of
mine.


 The Court: How old were you?


 Mr. Sims: Seventeen.

* * * 



 The Court: Did you pay a fine on it?


 Mr. Sims: I don't even remember about the fine. I just remember waking up to
two cops in my living room, drinking coffee with my mother.


 The Court: You don't need to - an explanation is not needed. It's just that our
law is so clear that any sort - even a minor theft of a piece of bubble
gum, if it got a conviction, it means you can't serve on a jury.


 Mr. Sims: Well the Judge told me that if I served probation, that he would wipe
that record clean. And I guess he did not do that. It's still coming up.


 The Court: Yeah. Well, just for your own interest, you may want to go back in
and try to have your record expunged. But apparently, it's still
currently on there; and so, as long as it is, then you're not eligible to
serve on the Jury. 


 Mr. Sims: Well, I can't say that - it breaks my heart, because I've got a retail
operation, and I just fired someone yesterday for theft.


* * * 



 The Court: We will excuse Juror No. 3 [Mr. Sims].

 By his point of error, appellant contends venireman Sims denied he had a theft
conviction; therefore, the State's withholding of the criminal history report deprived
appellant of the assistance of counsel during voir dire because his attorney was not able
to test the report's accuracy. Continuing, appellant asserts if venireman Sims's theft
conviction was set aside upon successful completion of probation, then he was not
absolutely disqualified. It follows, claims appellant, the trial court's act of dismissing
venireman Sims had the effect of granting the State an extra peremptory challenge. 
Appellant maintains the trial court's error was "structural," thus defying a harm analysis,
because of the deprivation of his right to counsel at a critical stage of the proceedings. 
United States v Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668
(1984). We disagree.

 The Code of Criminal Procedure provides that a challenge for cause may be had 
for a prospective juror who has been convicted of theft or any felony. Tex. Code Crim.
Proc. Ann. art. 35.16(a)(2) (Vernon 1989). A juror with a theft conviction is absolutely
disqualified and may not be empaneled even if both parties consent. Tex. Code Crim.
Proc. Ann. art. 35.19 (Vernon 1989). A trial court's ruling on an absolute disqualification
is a question of fact that does not require undisputable certainty. Chambers v. State, 903
S.W.2d 21, 27-8 (Tex.Cr.App. 1995). We will not disturb a trial court's ruling on an
absolute disqualification absent an abuse of discretion. Id. at 27. 

 In spite of appellant's assertion to the contrary, it is clear from the record venireman
Sims freely acknowledged his prior theft conviction. That venireman Sims believed the
judge would "wipe that record clean" following successful completion of a probated
sentence does not rise to the level of "evidence . . . which might be called conflicting." 
Hammond v. State, 799 S.W.2d 741, 744 (Tex.Cr.App. 1990), cert. denied, 501 U.S. 1259,
111 S.Ct. 2912, 115 L.Ed.2d 1076. Indeed, in light of venireman Sims's admission that he
had a theft conviction, it was within the province of the trial court to find as an historical fact
that venireman Sims had been convicted of theft for purposes of article 35.16(a)(2). See
Frame v. State, 615 S.W.2d 766, 768 (Tex.Cr.App. 1981); see also Chambers, 903 S.W.2d
at 28 (finding trial court did not abuse its discretion in ruling a juror was absolutely
disqualified based upon juror's own testimony that he had previous felony conviction); cf.
Hammond, 799 S.W.2d at 744 (holding in view of the absence either of an admission from
the venireman that she had not been convicted of theft, or a judgment reflecting a
conviction, it was within province of trial court to find venireman had not been convicted of
theft). Because we find it was within the trial court's discretion to grant the State's
challenge for cause of venireman Sims, we fail to see how appellant's lack of access to the
State's criminal history information deprived him of his right to counsel. Appellant's point
of error is overruled.

 Accordingly, the judgment is affirmed.

 Don H. Reavis

 Justice



Do not publish.

 

 

 


 

 

1. Tex. R. App. P. 47.4